IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                    **Criminal No. 1:07cr105-HSO-RHW-2**

**HOWARD EARL JONES**

<u>**ORDER DENYING DEFENDANT'S MOTIONS FOR JUDGMENT
NOTWITHSTANDING THE VERDICT AND FOR NEW TRIAL**</u>

Before the Court are the Motions for Judgment Notwithstanding the Verdict
[74-1] and for New Trial [75-1] of Defendant Howard Earl Jones, both filed in the
above-captioned cause on August 2, 2008.  The Government filed Responses [80-1],
[79-1], respectively, on August 5, 2008.  After due consideration of the Motions, the
Responses, the record at trial, the pleadings on file and the relevant legal
authorities, it is the Court's opinion that both Motions must be denied.

On July 23, 2008, a jury found Defendant guilty of a violation of 21 U.S.C. §
846, namely conspiring to possess with intent to distribute 50 grams or more of a
mixture or substance containing a detectable amount of cocaine base.  Defendant
asserts in his Motion for Judgment Notwithstanding the Verdict that the Court
should reverse his conviction and dismiss the charges against him for the following
reasons:  (1) the finding of the jury was against the great weight of evidence as
presented at trial; (2) there was uncontroverted testimony that is contrary to the
finding that Defendant conspired with others to possess a controlled substance with
the intent to distribute; (3) the testimony of Defendant's accomplice/co-defendant
Deadrick Franklin is unsupported and uncorroborated on the issue of conspiracy by

any other evidence, and therefore, any conviction based on such testimony is suspect and unreliable; (4) the Government withheld substantive and material evidence in violation of Defendant's Due Process rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; (5) the jury was confused by the special verdict form as evidenced by three questions asked related to a question on the form, and the last additional instruction given by the Court had the effect of undue influence on the jury which forced the jury to make a finding it would otherwise not have made; and (6) the fact that Defendant testified that he was going to buy drugs for his use is insufficient evidence to support a finding of guilty on the charge of conspiracy to possess a controlled substance with intent to deliver.  *See* Def.'s Mot. for J. Notwithstanding the Verdict, at pp. 2-7.

In his Motion for New Trial, Defendant contends that the Court should set aside or reverse his conviction and grant him a new trial for the reasons cited above, and for the following additional reasons:  (7) the Court erred each time it overruled an objection made by Defendant; (8) the Court erred each time it sustained an objection made by the Government; and (9) the Court erred in denying Defendant's Motion to Suppress the evidence seized at the scene of the incident. *See* Def.'s Mot. for New Trial, at pp. 2-7.

A.    Motion for Judgment Notwithstanding the Verdict

Pursuant to Federal Rule of Criminal Procedure 29, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later."  FED. R. CRIM. P.

29(c)(1).  The Court may then set aside the jury verdict and enter an acquittal.  *See*
FED. R. CRIM. P. 29(c)(2).

As the Fifth Circuit has stated, "[v]iewing the evidence in the light most
favorable to the verdict is tantamount to ruling on a motion for judgment of
acquittal . . . ."  *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006).  The Fifth
Circuit has explained that

> [t]he duty of a district court in ruling on a post-verdict motion for
> acquittal is to determine, viewing the evidence in the light most favorable
> to the government, whether the evidence could be accepted by a jury as
> adequate and sufficient to support the conclusion of the defendant's guilt
> beyond a reasonable doubt.

*United States v. Sanchez*, 961 F.2d 1169, 1179 (5th Cir. 1992) (internal citation
omitted).

Based on a careful review of the record, the Court finds that there was
sufficient evidence from which the jury could conclude, beyond a reasonable doubt,
that Defendant Howard Earl Jones conspired to possess with intent to distribute 50
grams or more of a mixture or substance containing a detectable amount of cocaine
base.  Defendant's Motion for Judgment Notwithstanding the Verdict should
therefore be denied.

B.    <u>Motion for New Trial</u>

Pursuant to Federal Rule of Criminal Procedure 33, the Court "may vacate
any judgment and grant a new trial if the interest of justice so requires."  FED. R.
CRIM. P. 33(a).  A "district court must carefully weigh the evidence and may assess
the credibility of the witnesses during its consideration of the motion for new trial,

but must not entirely usurp the jury's function, or simply set aside the jury's verdict because it runs counter to the result the district court believed was more appropriate." *United States v. Tarango,* 396 F.3d 666, 672 (5th Cir. 2005) (internal citations and quotation omitted).

> Setting aside a jury's guilty verdict in the interests of justice may be appropriate under circumstances where the evidence brought forth at trial may tangentially support a guilty verdict, but in actuality, preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred.  Similarly, while vested with discretion to grant a new trial pursuant to Rule 33 if necessary in accordance with the interests of justice, we have observed that this power should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances.

*Id.* (internal citations and quotation omitted).

"Although the district court has broad discretion to decide a Rule 33 motion, the court may not grant the motion unless the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." *Fuchs*, 467 F.3d at 910.  The Fifth Circuit has stated that "motions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (*citing United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)).

Based on a careful review of the record and Defendant's contentions, and after weighing the evidence and assessing the credibility of the witnesses at trial, the Court finds that a new trial is not appropriate.  The Court is also not persuaded that it committed any of the errors alleged by Defendant.  Even assuming the alleged errors occurred, the Court finds that they were not sufficiently prejudicial to

warrant granting Defendant a judgment notwithstanding the verdict or a new trial.

The Court has weighed the alleged errors asserted by Defendant against the record as a whole in evaluating the fairness of the trial.  In so doing, this Court cannot say that either an acquittal or a new trial is required in the interests of justice.  Therefore, Defendant's Motions for Judgment Notwithstanding the Verdict and for New Trial should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Howard Earl Jones' Motion for Judgment Notwithstanding the Verdict [74-1] and Motion for New Trial [75-1] both should be and are hereby **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 21st day of August, 2008.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE